FILED

2010 Aug-09  PM 05:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| QUINTON SWANSON, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | **CASE NO.  2:09-cv-2148-SLB** |
| | } | |
| ALLSTATE INSURANCE COMPANY; | } | |
| ALLSTATE INDEMNITY COMPANY, | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is currently before the court on defendant Allstate Indemnity Company's ("Allstate Indemnity") Motion for Dismissal Without Prejudice of Improperly Named Party, (Doc. 15),[1] plaintiff Quinton Swanson's (the "Plaintiff") Motion to Compel Production of Documents, (Doc. 10), Plaintiff's Motion to Amend Complaint, (Doc. 12), and Plaintiff's Motion to Supplement Motion to Compel or, in the Alternative, Second Motion to Compel Production of Documents, (Doc. 24).  Plaintiff has filed suit against defendants Allstate Indemnity and Allstate Insurance Company ("Allstate Insurance") (collectively the "Defendants") alleging breach of an insurance contract and bad faith refusal to pay Plaintiff's claim.  (Doc. 1, Ex. A at ¶¶ 1-19.)  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that Allstate Indemnity's Motion for Dismissal Without Prejudice of Improperly Named Party,

---

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in the court's record.

(Doc. 15), is due to be granted, Plaintiff's Motion to Compel Production of Documents, (Doc. 10), is due to be granted in part, denied in part, and denied in part as moot, Plaintiff's Motion to Amend Complaint, (Doc. 12), is due to be granted, and Plaintiff's Motion to Supplement Motion to Compel or, in the Alternative, Second Motion to Compel Production of Documents, (Doc. 24), is due to be denied.

## I.  MOTION TO DISMISS STANDARD

When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993) (citations omitted); *see also Rivell v. Private Healthcare Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

> The allegations in the complaint are taken as true and construed in the light most favorable to the plaintiffs.  [*Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002).]  However, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, [545], 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir.2007).  "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, [550 U.S. at 556]).  This rule does not "impose a probability requirement at the pleading stage." *Twombly*, [550 U.S. at 556].  Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Id*.  "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, [550 U.S. at 556]).

*Rivell*, 520 F.3d at 1309.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is

2

'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001) (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)).  "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief."  *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998) (citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)).

## II.  FACTUAL AND PROCEDURAL HISTORY

Briefly, the facts of the case, taken from Complaint, and assumed as true for purposes of a motion to dismiss, are as follows:

1.      Plaintiff, Quinton Swanson, is an adult male residing in Jefferson County, Alabama.

2.      Defendant Allstate Insurance Company is an Illinois Corporation that does business in Jefferson County, Alabama.  Allstate Insurance Company can be served by registered agent at The Corporation Company, 2000 Interstate Park, Suite 204, Montgomery, AL 36109.

3.      Defendant Allstate Indemnity Company is an Illinois Corporation that does business in Jefferson County, Alabama.  Allstate Indemnity Company can be served by registered agent at The Corporation Company, 2000 Interstate Park, Suite 204, Montgomery AL 36109.

4.      The residence which is the subject of this action is located in Jefferson County at 2853 41st Court North, Birmingham, AL 35207 ("the Residence") and is owned by plaintiff, Quinton Swanson.

5.      Defendant Allstate Insurance Company or Defendant Allstate Indemnity Company issued Quinton Swanson a homeowner's policy insuring the Residence.

6.      The policy was in effect on September 19, 2008 and covered loss due to fire.

7.      On September 19, 2008, a fire destroyed the Residence.

8.      Mr. Swanson timely gave notice to Defendants of the fire.

9.      On April 27, 2009, Defendants denied coverage for any loss arising from the fire.

(Doc. 1, Ex. A at ¶¶ 1-9.)

Following the denial of Plaintiff's claim, on September 18, 2009, Plaintiff filed suit against Defendants, alleging breach of contract and bad faith failure to investigate. (*Id.* at ¶¶ 1-19.) Subsequently, on March 15, 2010, Plaintiff filed his Motion to Compel Production of Documents. (Doc. 10.) Plaintiff also filed, on March 31, 2010, a Motion [to] Amend Complaint. (Doc. 12.) While Defendants did not file any opposition to Plaintiff's Motion to Amend Complaint, Defendants did, on April 6, 2010, file a joint Response to Plaintiff's Motion to Compel Production of Documents. (Doc. 14.) Then, on April 20, 2010, Plaintiff filed a Reply to Response to Plaintiff's Motion to Compel Production of Documents. (Doc. 17.)

Also, on April 13, 2010, Allstate Indemnity filed a Motion for Dismissal Without Prejudice of Improperly Named Party. (Doc. 15.) Plaintiff filed a Response to Allstate[] In[demnity] Company's Motion to Dismiss on April 28, 2010. (Doc. 18.) Next, on May 5, 2010, Allstate Indemnity filed a Reply to Plaintiff's Response in Opposition to the Defendant['s] Motion for Dismissal Without Prejudice of Improperly Named Party.[2] (Doc.

---

[2] In both Plaintiff's Response and Allstate Indemnity's Reply, the parties attached documents pertinent to Allstate Indemnity's Motion for Dismissal Without Prejudice of Improperly Named Party. (*See* Doc. 18 at Ex. A; Doc. 21 at Ex. A.) While Rule 12(d) of the Federal Rules of Civil

21.)

Lastly, on May 24, 2010, Plaintiff filed a Motion to Supplement Motion to Compel or, in the Alternative, Second Motion to Compel Production of Documents. (Doc. 24.) The court held a hearing on all pending motions on May 26, 2010. (*See* Docs. 11, 13, 16, 22.)

## II. DISCUSSION

### A. ALLSTATE INDEMNITY'S MOTION FOR DISMISSAL WITHOUT PREJUDICE OF IMPROPERLY NAMED PARTY (DOC. 15)

In its Motion, Allstate Indemnity asserts that it, and not Allstate Insurance, issued Plaintiff's insurance policy. (Doc. 15 at 1.) Allstate Indemnity therefore requests that the court "enter a dismissal without prejudice of the improperly named Defendant, Allstate Insurance Company, leaving Allstate Indemnity Company as the proper party. (*Id.*) In Plaintiff's Response, he argues, *inter alia*, that the Complaint "allege[s] that both Allstate Indemnity and Allstate Insurance committed breach of contract and bad faith," and that the

---

Procedure provides that, "[i]f, on motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," *see* Fed. R. Civ. P. 12(d), neither Plaintiff's attached exhibit, i.e. documents of Allstate Insurance that address Plaintiff's insurance claim, (Doc. 18 at Ex. A), nor Allstate Indemnity's attached exhibit, i.e. the insurance policy issued to Plaintiff, (Doc. 21 at Ex. A), require the court to convert Allstate Indemnity's Motion. Indeed, the attached documents are undisputed in terms of authenticity, and central to Plaintiffs' claims, and, for that reason, conversion of Allstate Indemnity's Motion for Dismissal to one for summary judgment is unnecessary. *See, e.g.*, *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (noting that a court need not convert a Rule 12(b)(6) motion to dismiss to a motion for summary judgment when considering a document outside the four corners of the complaint if the document is "central to the plaintiff's claims and is undisputed in terms of authenticity" (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

court "is required to take these allegations as true."[3]  (Doc. 18 at 1-2 (citing *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).)  As support, Plaintiff has attached documents produced by Allstate Indemnity, which Plaintiff maintains "reveal that Allstate Insurance and its employees were involved in the investigation."  (*Id.* at 2 & Ex. A.)

In Allstate Indemnity's Reply, it reasserts that, "[i]n this case, the contract of insurance, made the basis of the present suit, existed between Allstate Indemnity Company and the Plaintiff, **not** Allstate Insurance Company."  (Doc. 21 at 2 (citing Ex. A).)  As support, Allstate Indemnity has attached the insurance policy at issue, and argues that because "[t]he fundamental element of each cause of action asserted by the Plaintiff is the existence of a contract," its Motion for Dismissal Without Prejudice of Improperly Named Party, (Doc. 15), is due to be granted.  (*Id.* at 3.)  The court agrees.

Indeed, as Allstate Indemnity points out, (*see* Doc. 21 at 2), to establish a breach of contract claim under Alabama law, a plaintiff must show "'(1) *the existence of a valid contract binding the parties in the action*, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages,'" *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d , 293, 303 (Ala. 1999) (citing *S. Med. Health Sys., Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995)) (emphasis added).  And, while Alabama law recognizes two ways in which

---

[3] Plaintiff also claims that, in its Answer, Allstate Insurance "does not . . . state that it has been improperly named.  As a result, Allstate has waived this argument and cannot raise it at this late date."  (Doc. 18 at 2 (citing Fed. R. Civ. P. 8(b)(6).)  The court disagrees.  In its Answer, Allstate Insurance "denies each and every material allegation of the Plaintiff's Complaint," "denies that it has breached any contract with the Plaintiff," and further maintains that "[t]he Complaint fails to state any claim against Allstate Insurance Company upon which relief can be granted."  (Doc. 3 at 1.)

an insured may establish a bad faith refusal to pay an insurance claim, i.e. "normal bad faith," where the insurer fails to properly pay, and "abnormal bad faith," where the insurer fails to properly investigate, both causes of action require the existence and breach of an insurance contract between the parties. *Mut. Serv. Cas. Ins. Co. v. Henderson*, 368 F.3d 1309, 1314-15 (11th Cir. 2004) (citing *Simmons v. Congress Life Ins. Co.*, 791 So. 2d 371, 379 (Ala. 2000); *Employees' Benefit Assoc. v. Grissett*, 732 So. 2d 968, 976 (Ala. 1998)) (listing the elements for normal and abnormal bad faith claims).

In the instant case, Allstate Indemnity has acknowledged the existence of an insurance contract between it and Plaintiff, and has further submitted the relevant insurance policy. (Doc. 15 at 1; Doc. 21 at 2-3 & Ex. A.) The policy unambiguously demonstrates that Allstate Indemnity, and not Allstate Insurance, is the insuring entity. (Doc. 21 at Ex. A.) And, while it seems the documents attached by Plaintiff to his Response to Allstate Indemnity's Motion were indeed created by employees of Allstate Insurance, and do address Plaintiff's insurance policy, (*see* Doc. 18 at Ex. A), the existence of the documents is of no relevance to Allstate Indemnity's Motion. As Allstate Indemnity correctly states, "[w]hether employees of Allstate Insurance Company participated in the investigation and adjustment of Plaintiff's claim [has] no bearing on the determination of which party issued the contract."[4] (Doc. 21 at 3.) Therefore, because Allstate Indemnity, and not Allstate Insurance, issued the policy

---

[4] That said, if employees of Allstate Insurance acted as agents of Allstate Indemnity by investigating and adjusting Plaintiff's claim, their actions are relevant to Plaintiff's claims against Allstate Indemnity.

at issue in this case, and because the existence and breach of an insurance contract is a necessary element for Plaintiff's claims, Allstate Indemnity's Motion for Dismissal Without Prejudice of Improperly Named Party, (Doc. 15), is due to be granted.[5]

## B.   PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DOC. 10)

In Plaintiff's Motion to Compel Production of Documents, (Doc. 10), Plaintiff notes that on November 20, 2009, he served his Request for Production of Documents on Defendants, yet Defendants refused to produce everything requested.  (*Id.* at 1-2.)  Plaintiff adds that counsel for Plaintiff sent several letters to Defendants, and engaged in multiple phone conversations, in an attempt to resolve the issues, but that while the parties resolved certain requests, they were unable to resolve others, necessitating court intervention.  (*Id.* at 2.)  Specifically, Plaintiff asserts that Defendants objected to Request for Production Numbers 2, 3, 8, and 11, which Plaintiff now asks that the court compel pursuant to Federal Rule of Civil Procedure 37(a)(1).[6]  (*Id.* at 2-4.)  The court will address each request for

---

[5] It is important to note that while Plaintiff asserts that the Complaint "allege[s] that both Allstate Indemnity and Allstate Insurance committed breach of contract and bad faith," (Doc. 18 at 1), the Complaint does not allege the existence of a contract between Plaintiff and both Defendants, (*see* Doc. 1, Ex. A at ¶¶ 5, 11).  Instead, the Complaint alleges that "Defendant Allstate Insurance Company *or* Defendant Allstate Indemnity Company issued Quinton Swanson a homeowner's policy," and that "[a] valid contract existed between the Defendants, *or one of them*, and the plaintiff."  (*Id.* (emphasis added).)

[6] Rule 37(a)(1) states that:

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the

production in turn.[7]

1.      REQUEST FOR PRODUCTION NO. 2

Request for Production Number 2 seeks:

2.      Defendant insurer's complete underwriting files referring or relating in any way to the policies at issue in this action, including without limitation:

a.      All letters, memoranda, and other forms of written communication and written records or oral communications, whether in person or by telephone, referring or relating in any way to the issuance of the policies at issue in this action;

b.      The file folders in which the preceding documents are kept.

(Doc. 10, Ex. A at 14.)

While Defendants originally objected to the request as "overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence," (*id.*), Defendants subsequently "agreed to produce the underwriting file upon entry of an appropriate Protective Order," (Doc. 14 at 2). The court entered a Protective Order of Confidentiality on May 5, 2010. (Doc. 20.) However, despite the entry

movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). Plaintiff has represented that he "has made a good faith effort to resolve this dispute without the need for Court intervention," (Doc. 10 at 1), and Defendants have verified the same, (Doc. 14 at 1).

[7] Although Defendants' Response to Plaintiff's Motion to Compel Production of Documents, (Doc. 14), as well as Plaintiff's Reply, (Doc. 17), both address Request for Production No. 6, (*id.* at 7-8; Doc. 14 at 4-5), Plaintiff's Motion to Compel Production of Documents does not move to compel Request for Production No. 6, (*see generally* Doc. 10), and, for that reason, the court does not address it herein.

of this Order, as of May 26, 2010, Allstate Indemnity had still failed to produce the underwriting file.  As the court stated at the May 26, 2010 hearing, the underwriting file constitutes discoverable evidence in this case, especially because Plaintiff's Motion [to] Amend Complaint, "to add Count III, alleging misrepresentation," (Doc. 12 at ¶ 3), is due to be granted, *see infra* Part II.C.  Therefore, the court finds that Plaintiff's Motion to Compel Request for Production No. 2 is due to be granted.  Allstate Indemnity will be ordered to produce the underwriting file relating to Plaintiff's homeowner's policy.

2.      REQUEST FOR PRODUCTION NO. 3

As to Plaintiff's Request for Production Number 3, the request asks that Defendants produce:

> 3.      All claims manuals, memoranda, directives, letters, and other forms of written communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of defendant in the handling of claims, that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claims at issue in this action, including without limitation:
>
> a.      the documents reflecting defendant insurer's claim settlement policies as they existed at the time defendant denied the claims at issue in this action;
>
> b.      the documents reflecting any subsequent changes of policy.

(Doc. 10, Ex. A at 14-15.)

Defendants initially objected to the request as "overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence," adding that the request "fails to limit itself to the facts and circumstances made the basis of Plaintiff's Complaint," fail[s] to limit itself to the policy in question or any

reasonable time period," and further "seek[s] information which is both confidential and proprietary." (*Id.* at 15.)

In response, in his Motion to Compel Production of Documents, Plaintiff maintains that Request for Production No. 3 "seek[s] discoverable information in a bad faith action," and, in support, cites several federal and state court cases where courts have required such information be produced. (Doc. 10 at 4-6.) Plaintiff adds that the cited cases demonstrate that "[Defendants] not only ha[ve] written policies and procedures relating to claims, such as the McKinsey Documents, the CCPR Implementation Manual, CCPR Property documents, Claims Manual: Policies, Practices, Procedures, and claims bulletins, but they repeatedly have been ordered to produce them." (*Id.* at 6.)

In their Response to Plaintiff's Motion to Compel Production of Documents, Defendants reallege that "Plaintiff's request is simply irrelevant, overly broad and unduly burdensome," and, "[a]s worded . . . would require the production of every single 'manual, memoranda, directive, letter,' etc. in the entire history of the company regardless of the type of policy involved." (Doc. 14 at 3.) Defendants therefore argue that should the court "require any production whatsoever, it should be limited to the type of policy in question and the relevant time, which would include materials with application at the time this claim was being adjusted." (*Id.* at 3-4.) Defendants add that "[a]t the time of the loss in question, the only applicable written policy or procedure was the Market Claim Office Best Practices," which Defendants have agreed to produce under an appropriate protective order. (*Id.* at 7.)

As the court stated during the May 26, 2010 hearing, the court agrees with Defendants

11

that Plaintiff's Request for Production No. 3 is, as written, overly broad, and largely irrelevant.  However, given that Defendants have agreed to produce the Market Claim Office Best Practices manual, the court finds that Plaintiff's Motion to Compel Request for Production No. 3 is due to be granted in part and denied in part.  Allstate Indemnity will be ordered to produce the Market Claim Office Best Practices manual.

3.     <u>REQUEST FOR PRODUCTION NO. 8</u>

With respect to Plaintiff's Request for Production Number 8, Plaintiff requests the production of:

> 8.     Copies of each and every complaint made against you for the past five years concerning the manner in which any claim has been handled.  This should include complaints made to the Alabama Department of Insurance.

(Doc. 10, Ex. A at 16.)

Defendants likewise objected to Request for Production No. 8 as "overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence," pointing out that the request "fails to limit itself to the policy in question, the facts and circumstances made the basis of the Plaintiff's Complaint or a reasonable time period."  (*Id.* at 16-17.)  Defendants also maintain that the request in part "seeks information which is in the possession, custody or control of third parties."  (*Id.* at 17.)

In response, Plaintiff agreed to limit the request to "lawsuits filed in Alabama [against Defendants] relating to bad faith in the last five years [preceding the filing of Plaintiff's

Complaint]," and further agreed to withdraw the request for complaints made to the Alabama Department of Insurance," but otherwise reasserts that Request for Production No. 8 seeks discoverable information. (*Id.* at 6-7.) In support, Plaintiff cites to the Supreme Court of Alabama's opinion in *Ex parte O'Neal*, 713 So. 2d 956, 960 (Ala. 1998). (*See* Doc. 10 at 7.) In that case, which likewise involved claims for breach of contract and bad faith failure to pay an insurance claim, the Supreme Court of Alabama indeed compelled the production of information pertaining to approximately six years of lawsuits filed against the insurer that involved claims for bad faith failure to pay. 713 So. 2d at 960.

In their Response, Defendants argue that "[s]imply because Alabama Courts have previously allowed discovery on the existence of prior lawsuits does not mean that in the circumstances of every case all lawsuits filed against an insurance carrier regardless of the policy in question or the basis for denial is necessarily warranted. (Doc. 14 at 7-8.) Defendants further allege that to comply with Plaintiff's request, Defendants "would be required to locate and produce a copy of every lawsuit filed over an automobile insurance policy, boat policy, landlord policy, homeowner's policy, commercial policy, motorcycle or ATV policy, etc.," and therefore contend that Plaintiff's Request for Production No. 8 "is patently objectionable and due to be denied in its entirety." (*Id.* at 6.)

At the May 26, 2010 hearing, Plaintiff agreed that, as written, Request for Production No. 8 was overly broad, but reiterated that the request had since been limited. Nevertheless, even with the limitation, the court agrees with Defendants that Request for Production No. 8 seeks discovery that is not reasonably calculated to lead to the discovery of admissible

13

evidence.  Plaintiff's Motion to Compel Request for Production No. 8 is due to be denied.

4.      REQUEST FOR PRODUCTION NO. 11

Lastly, Plaintiff's Request for Production Number 11 seeks:

11.      Copies of all records prepared or kept pursuant to the rules and regulations of the Alabama Department of Insurance, pertaining to any complaints made by insureds or others concerning the manner in which insurance claims were handled by insurer.

(Doc. 10, Ex. A at 17.)

As with previous Requests for Production, Defendants again objected to Request for Production No. 11 as "overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence," adding that the request "fails to limit itself to the policy in question, the facts and circumstances made the basis of the Plaintiff's Complaint or a reasonable time period."  (*Id.*)  Defendants later, in their Response to Plaintiff's Motion to Compel Production of Documents, supplemented their Response to Request for Production No. 11, clarifying that they have informed Plaintiff that "[Defendants] do[] not maintain a copy of the records maintained by the Alabama Department of Insurance nor do[] [Defendants] maintain the file reflecting complaints referred to it from the Alabama Department of Insurance."  (Doc. 14 at 6.)  As a result, Defendants "referred [Plaintiff] to the Department of Insurance."  (*Id.*)

In his Reply, Plaintiff does not address Request for Production No. 11, (*see generally* Doc. 17), and has seemingly withdrawn the request, (*see* Doc. 10 at 7).  Therefore, the court

14

finds that Plaintiff's Motion to Compel Request for Production No. 11 is due to be denied as moot.[8]


### C.    PLAINTIFF'S MOTION [TO] AMEND COMPLAINT (DOC. 12)

In his Motion [to] Amend Complaint, Plaintiff requests leave to file an Amended Complaint "to add Count III, alleging misrepresentation."  (Doc. 12 at ¶ 3.)  The court ordered Defendants to file any opposition to Plaintiff's Motion on or before April 16, 2010, (Doc. 13), yet Defendants did not file an opposition.  As a result, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure,[9] the court finds that Plaintiff's Motion [to] Amend Complaint, (Doc. 12), is due to be granted.


### D.    PLAINTIFF'S MOTION TO SUPPLEMENT MOTION TO COMPEL OR, IN THE ALTERNATIVE, SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DOC. 24)

As stated above, on May 24, 2010, two days prior to the court's May 26, 2010 hearing, Plaintiff filed his Motion to Supplement Motion to Compel, or, in the Alternative, Second Motion to Compel Production of Documents, asking that the court compel answers to

---

[8] Alternatively, because the court finds that Plaintiff's Request for Production No. 11 is overly broad, and seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence, Plaintiff's Motion to Compel Request for Production No. 11 is due to be denied on the merits.

[9] Rule 15(a)(2) states that "[i]n all other cases [i.e. where a party may not amend as a matter of course], a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff's First Interrogatories and Second Request for Production.  (Doc. 24 at 1-4.)
Plaintiff notes that he initially received Allstate Indemnity's responses to the discovery
requests on May 17 and May 20, 2010, but deemed the responses to be deficient.  (*Id.* at 2.)
For that reason, Plaintiff contacted counsel for Allstate Indemnity on May 22, 2010, asking
that it supplement the responses by noon of May 24, 2010, given the court's May 26, 2010
hearing.  (*Id.*)  Plaintiff asserts that counsel for Allstate Indemnity "declined to discuss th[e]
matter within this time frame, saying that the noon deadline was 'patently unreasonable.'"
(*Id.*)  The court agrees.

The court's Scheduling Order, entered on January 5, 2010, specifically states that
"**Supplementations of disclosures and discovery under Rule 26(e)**[10] **are due**: within **20**
days after counsel knows of the need to supplement, but in any event, all initial disclosures
and responses to discovery requests must but fully updated by **June 1, 2010**.  (Doc. 7 at 3.)
Given that Allstate Indemnity has until June 1, 2010 to supplement its responses under the

---

[10] Rule 26(e)(1) states:

A party who has made a disclosure under Rule 26(a) – or who has responded to an
interrogatory, request for production, or request for admission – must supplement or
correct its disclosure or response:

> **(A)** in a timely manner if the party learns that in some material respect the
> disclosure or response is incomplete or incorrect, and if the additional or
> corrective information has not otherwise been made known to the other party
> during the discovery process or in writing; or
>
> **(B)** as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

court's Scheduling Order, the court agrees that requiring supplemented responses within two days, by May 24, 2010, was unreasonable.  Accordingly, Plaintiff's Motion to Supplement Motion to Compel or, in the Alternative, Second Motion to Compel Production of Documents, (Doc. 24), is due to be denied.  However, the court's Order will be without prejudice, and Plaintiff may refile a Second Motion to Compel should Allstate  Indemnity fail to adequately supplement its responses, assuming  the parties are, in good faith, unable to resolve the dispute without court action.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Allstate Indemnity's Motion for Dismissal Without Prejudice of Improperly Named Party, (Doc. 15), is due to be granted, Plaintiff's Motion to Compel Production of Documents, (Doc. 10), is due to be granted in part, denied in part, and denied in part as moot, Plaintiff's Motion to Amend Complaint, (Doc. 12), is due to be granted, and Plaintiff's Motion to Supplement Motion to Compel or, in the Alternative, Second Motion to Compel Production of Documents, (Doc. 24), is due to be denied.  An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE**, this 29th day of May, 2010.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

17